United States District Court
Southern District of Texas
**ENTERED**
March 05, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME MENDEZ CUELLAR,<br>(TDCJ # 00854843),<br><br>*Plaintiff*,<br><br>vs.<br><br>ERIC GUERRERO, *et al.*,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-26-790 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Jaime Mendez Cuellar (TDCJ #00854843), is currently in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division. Proceeding *pro se* and *in forma pauperis*, he filed a civil-rights complaint under 42 U.S.C. § 1983 against Eric Guerrero, as Executive Director of TDCJ-CID;[1] Grady Wallace, as Warden of the Jester III Unit; Major Alyce E. Hooper of the Jester III Unit; Captain Jounissia N. Josian of the Jester III Unit; and Sargeant James I. Ekpo of the Jester III Unit. (Dkt. 1). He contends that the defendants are illegally keeping him imprisoned and that they have failed or refused to properly process his grievances. (*Id.* at 3-4).

---

[1]Cuellar's complaint identifies Lori Davis as the Executive Director of TDCJ-CID. Eric Guerrero has since been named Executive Director of TDCJ-CID. Under Rule 25(d) of the Federal Rules of Civil Procedure, Guerrero is automatically substituted as a party.

Because Cuellar is proceeding *in forma pauperis*, the Court must examine his claims and dismiss his complaint, in whole or in part, if it determines that the action is (1) "frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering Cuellar's complaint, the Court concludes that this case must be dismissed for the reasons explained below.

## I.   <u>BACKGROUND</u>

In February 2026, Cuellar filed a civil-rights complaint alleging that his federal and state constitutional rights are being violated because he is illegally imprisoned in a case of mistaken identity. (Dkt. 1). He contends that by using his name in uppercase letters rather than a combination of uppercase and lowercase letters, the defendants have misidentified him and are "stealing my capital interest." (*Id.* at 4).

Cuellar has attached to his complaint copies of grievances that he alleges he filed with TDCJ. (Dkt. 1-1, pp. 3-9). In these grievances, he alleges that he is a "natural born private man" who has not entered into a contract with either the United States or the State of Texas and therefore is not subject to their laws. (*Id.*). He contends that the defendants have either failed or refused to process these grievances. (*Id.* at 1). He does not identify a specific constitutional provision or

2/11

federal statute that has been violated by the failure to process his grievances, nor does he identify any harm that he has suffered as a result.

As relief, he seeks his release from prison and money damages. (Dkt. 1, p. 4).

## II.   **LEGAL STANDARDS**

### A.   **Actions Under 42 U.S.C. § 1983**

Cuellar brings his action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element means that generally only *state* actors—not private parties—can be liable for violations of civil

3/11

rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

### B.    The Prison Litigation Reform Act

Cuellar's action is governed by the Prison Litigation Reform Act, (PLRA). The PLRA requires the Court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In conducting its screening review, the Court must construe all allegations "liberally in favor of the plaintiff" and must consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). But if the complaint does not state a claim for relief, it may be dismissed, even before service on the defendants. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

## C.   *Pro Se* Pleadings

Cuellar is proceeding *pro se* in this action. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

## III.   DISCUSSION

### A.   Sovereign Citizen Claims

To the extent that Cuellar is claiming that his imprisonment is unconstitutional because it is based on mistaken identity, his allegations are frivolous and fail to state a claim for relief.

Cuellar's claims are based on the tenets of sovereign citizens.  Sovereign citizens are "a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings."  *United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016). "Although no two pseudolegal practitioners are identical, they tend to share several common beliefs, including that principles of contract law can be used to either escape punishment for offenses or to generate unlimited fiscal liability in others." Samuel Barrows, *Sovereigns, Freemen, and Desperate Souls: Towards A Rigorous Understanding of Pseudolitigation Tactics in United States Courts*, 62 B.C. L. Rev. 905, 907 n.13 (2021) (cleaned up).  Sovereign citizens often take the position that a secret United States Treasury account was set up for each person at birth, that a large sum of money was placed into it from some unidentified source, and that "freemen" can pay their debts, including their debt to society from a criminal conviction, by transferring the debt to this fictitious bond. *See* UNC School of

Government, *A Quick Guide to Sovereign Citizens*, available at www.sog.unc.edu (visited March 2, 2026).

But all of the courts that have addressed such claims have rejected them. *See, e.g., Watson v. Texas State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020) (per curiam) (denying relief on claims based on the "meritless legal theories associated with the sovereign citizen movement"); *United States v. Williams*, 29 F.4th 1306, 1308 (11th Cir. 2022) (noting that courts have "repeatedly rejected" sovereign citizens' "theories of individual sovereignty, immunity from prosecution, and their ilk") (quoting *United States v. Benabe*, 654 F.3d 753, 766-67 (7th Cir. 2011)); *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (describing the arguments of sovereign citizens as "meritless rhetoric"); *United States v. Schmitt*, 784 F.2d 880, 882 (8th Cir. 1986) (rejecting as "entirely frivolous" claims that the courts lacked personal jurisdiction over the defendant because he was a "Natural Freeman" not subject to the law); *Mason v. Anderson*, Civil No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016) ("[C]ourts routinely dismiss sovereign citizen claims."); *Stone v. Birmingham*, No. 3:20-cv-2494-D (BT), 2021 WL 6802921, at *2 (N.D. Tex. Oct. 6, 2021) (collecting cases and noting that the claims of sovereign citizens are routinely dismissed as "frivolous and without merit"), *report and recommendation adopted*, 2022 WL 326565 (N.D. Tex. Feb. 3, 2022). As a result of this uniform rejection, "[t]hese [sovereign citizen] teachings

7/11

have never worked in a court of law—not a single time." *Wirsche v. Bank of Am., N.A.*, No. 7:13-cv-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013).

Cuellar's complaint alleges that his imprisonment is based on mistaken identity. (Dkt. 1, p. 4). He alleges that by keeping him imprisoned, the defendants are "stealing my capital and interest" from a "constructive trust" that was created when he was born. (*Id.*). His grievances cite to state and federal constitutions, various state and federal statutes, the Texas Rules of Civil Procedure, and an unidentified Restatement. But neither the complaint nor its attachments identify any violation of the Constitution or any federal law relevant to his claim that the defendants have violated his civil rights. (Dkt. 1-1).

Cuellar's allegations of mistaken identity are patently frivolous, and his claim that he is falsely imprisoned is meritless. To the extent that he contends that the defendants have violated his civil rights under the sovereign citizen theories of liability, his action is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## B.    Grievance Processing Claim

Cuellar's complaint could also be construed as asserting a claim that the defendants have violated his civil rights by failing to process his grievances concerning his allegedly illegal imprisonment. These allegations fail to state a claim upon which relief can be granted.

8/11

A prisoner "has no right to either the adequacy or the result of prison administrative grievance procedures." *Jones v. Lumpkin*, No. 23-40612, 2024 WL 1994279, at *2 (5th Cir. May 6, 2024) (per curiam).   That a grievance was not investigated or resolved to an inmate's satisfaction does not implicate constitutionally protected rights. *See Schwarzer v. Wainright*, 810 F. App'x 358, 360 (5th Cir. 2020) (per curiam) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Geiger*, 404 F.3d at 374 (holding that prisoners do not have a federally protected liberty interest in having grievances resolved to their satisfaction); *Alexander v. Texas Dep't of Crim. Just.*, 951 F.3d 236, 240 (5th Cir. 2020) (per curiam) (affirming the trial court's dismissal of an inmate's claim that his grievances were mishandled or improperly denied because prisoners have no due-process rights in the inmate grievance process); *Grogan v. Kumar*, 873 F.3d 273, 280 (5th Cir. 2017) ("[I]t is well established that prisoners have no due process rights in the inmate grievance process."); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding that a plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances); *Edmond v. Martin*, 100 F.3d 952, 1996 WL 625331, at *1 (5th Cir. 1996) (per curiam) (holding that an inmate's claim that the defendant's failure to investigate his grievance "raises no constitutional issue").   Further, the failure of prison officials to follow prison policies or rules does not rise to the level of a constitutional violation. *See*

9/11

*McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012) (citing *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989)); *Edwards v. Johnson*, 209 F.3d 772, 779 (5th Cir. 2000) ("[A] violation of prison regulations in itself is not a constitutional violation."). Courts have therefore repeatedly dismissed lawsuits brought by prisoners to challenge TDCJ's administration of its grievance procedures, including prison officials' alleged failures to comply with TDCJ's policies and procedures when processing grievances. *See, e.g., Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam).

To the extent that Cuellar's complaint can be construed as claiming that the handling of his grievances violated his civil rights, he does not allege a violation of federal law. His action fails to state a claim upon which relief can be granted and will be dismissed.

## IV.  CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The civil-rights action filed by Jaime Mendez Cuellar, (Dkt. 1), is **DISMISSED with prejudice** as frivolous and for failing to state a claim upon which relief can be granted.

2. Any pending motions are **DENIED as moot.**

3. Final judgment will be separately entered.

4. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

10/11

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List Manager at the following email: **Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on _____ *March 3* _____, 2026.


DAVID HITTNER
UNITED STATES DISTRICT JUDGE

11/11